12487

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE McRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 17 CV 1588 |
| v. | ) | |
| | ) | Judge: Edmond E. Chang |
| THOMAS ROSS, *et. al.* | ) | |
| | ) | Magistrate Judge: Mary M. Rowland |
| Defendants. | ) | |
| | ) | |
| | ) | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION TO COMPEL DEPOSITION TESTIMONY OF DEFENDANT RICHARD HILLIARD AND FOR SANCTIONS

NOW COMES the Plaintiff, WILLIE McRAY, by and through one of his attorneys, Laura L. Scarry of DeANO & SCARRY, LLC, and in support of his Motion to Compel Deposition Testimony of Defendant Richard Hilliard, states as follows:

## BACKGROUND

As this Court is aware, Plaintiff, an African-American sergeant with no previous disciplinary history, brought this suit against the Defendants Village of Bolingbrook and several of its police department administrators for differential treatment resulting in the unlawful termination of his employment. During 2015 and 2016, members of the Bolingbrook Police Department and other police agencies responded to Plaintiff's Bolingbrook home on several occasions in response to issues involving a family member. Those issues formed the basis of several administrative investigations of Plaintiff which led to the Defendants seeking charges against Plaintiff for violations of criminal law and police department general orders, and ultimately terminating Plaintiff's employment.

On May 11, 2018, Plaintiff deposed Defendant Richard Hilliard, a Bolingbrook police officer[1]. Hilliard testified that the Bolingbrook Police Department had responded to calls at his home regarding a family member on three to five occasions. When Plaintiff's counsel began to inquire about these incidents defense counsel objected and instructed Hilliard not to answer any questions regarding the incidents of Bolingbrook police officers responding to his home.

Plaintiff's counsel reminded Defendants' counsel of the protective order in place and suggested that this portion of the deposition testimony could be sealed in accordance with the Federal Rules of Civil Procedure to ensure confidentiality. Defendants' counsel persisted in the objection and instruction that Hilliard not answer any questions relating to the reasons police officers responded to his home.

To establish unequal treatment under the Fourteenth Amendment, Plaintiff must demonstrate that Defendants treated similarly-situated non-African-American employees more favorably than Plaintiff. The elements for establishing a prima facie case of reverse discrimination under the indirect method requires Plaintiff to show: (1) that "background circumstances" support an inference that the Village of Bolingbrook is "one of those unusual employers who discriminates against the majority" or, in other words, "background circumstances" exist to show an inference that the employer has "reason or inclination to discriminate invidiously against whites" or evidence that "there is something 'fishy' about the facts at hand"; (2) that Plaintiff was meeting the employer's legitimate expectations; (3) that Plaintiff suffered an adverse employment action; and (4) that similarly non-white employees were treated better that Plaintiff. *Mills v. Health Care Serv. Corp.,* 171 F.3d 450, 455-57 (7th Cir. 1999); *Hefley v. Village of Calumet Park,* 2007 U.S.App. LEXIS 15418, *4-5 (7th Cir. 2007). If

---

[1] Defendant Richard Hilliard is now a Commander. At all relevant times in Plaintiff's Amended Complaint, Hilliard was a Sergeant and Plaintiff's immediate supervisor.

Plaintiff satisfies each of these elements, the burden shifts to the Defendants to show a legitimate, non-discriminatory reason on which it based its decision to discipline and terminate Plaintiff. *See McDonald Douglas Corp. v. Green,* 411 U.S. 792, 802-03 (1973). If the Defendants successfully satisfy this requirement, then the burden shifts back to Plaintiff to prove that the Defendants' stated reason is a pretext for reverse race discrimination. *Id.* at 804.

Here, like Plaintiff, police officers responded to Defendant Hilliard's home on several occasions regarding issues involving a family member. Plaintiff should be permitted to inquire about the incidents to determine whether Defendants engaged in differential treatment of Plaintiff regarding the calls to his home.

Plaintiff therefore seeks an order that Plaintiff be permitted to resume the Hilliard resume the deposition and that Hilliard be directed to answer questions regarding the reason for police calls to his home, the resolution of such calls and the action, if any, taken by the Bolingbrook Police Department against Hilliard in response to such calls. Objections can be made, including that questions are irrelevant and any answers given are subject to those objections. Additionally, in view of Defendant's counsel's improper instructions and tactics and the need to resume the deposition, the present motion seeks to have Defendants bear the costs of resuming the deposition by paying the fees and expenses to have the deposition resumed, as well as the costs for bringing this motion.

## ARGUMENT

Parties "may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense and proportional to the needs of the case. . . ." Fed.R.Civ.P. 26(b)(1). Relevance "for purposes of discovery is broader than relevance for purpose of admission at trial." *Asher v. Baxter Int'l,* 2007 WL 3223396, at *5 (N.D. Ill. Oct. 25, 2007). Indeed,

"information within this scope of discovery need not be admissible for evidence to be discoverable." Fed.R.Civ.P. 26(b)(1).

"Rule 26 vests this Court with broad discretion in determining the scope of discovery, which the Court exercises mindful that the standard for discovery under Rule 26(b)(1) is widely recognized as one that is necessarily broad in its scope in order to allow the parties essentially equal access to the operative facts." *Scott v. Edinburg*, 101 F. Supp. 2d 1017, 1021 (N.D. Ill. 2000). The Seventh Circuit has recognized a trial court's "broad discretion over discovery matters." *Spiegla v. Hull*, 371 F.3d 928, 944 (7th Cir. 2004). The party opposing discovery has the burden of proving that the requested discovery should be disallowed. *Golden Valley Microwave Foods, Inc. v. Weaver Popcorn, Co.,* 132 F.R.D. 204, 207 (N.D.Ind. 1990). When reviewing a discovery dispute the Court "should consider the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truthseeking function in the particular case before the court." *Patterson v. Avery Dennison Corp*., 281 F.3d 676, 681 (7th Cir. 2002) (internal cites and quotations omitted). As described below, Defendants have no basis on which to prevent Hilliard from responding to deposition questions that are relevant to Plaintiff's equal protection claims.

Because instructing a deponent not to answer is appropriate only in very limited circumstances (none of which are present here), and because questions relating to the police response to Defendant Hilliard's home and the treatment of Hilliard following those incidents are "reasonably calculated" to lead to the discovery of admissible evidence, Hilliard should be compelled to answer Plaintiff's deposition questions. *See, e.g., Whitlow v. Martin,* No. 04-CV-3211, 2006 WL 3004005, at *2 (C.D. Ill. Oct. 20, 2006) (compelling deponent to testify to specific topics because testimony "may be relevant to this claim, or may lead to relevant

evidence related to this claim"). Moreover, given the existence of the comprehensive Protective Order in this case, Defendants' professed concerns about maintaining confidentiality are easily allayed.

### A. Defense Counsel's Instruction Not to Answer Was Invalid

As a threshold matter, defense counsel's instruction to Hilliard not to answer Plaintiff's deposition questions regarding police responses to his residence was improper. The Federal Rules of Civil Procedure could not be clearer: "A person may instruct a deponent not to answer *only* when necessary to preserve a privilege, to enforce a limitation ordered by the Court, or to present a motion under Rule 30(d)(3)." Fed.R.Civ.P. 30(c)(2) (emphasis added). This rule applies even if Defendants, had they properly moved in advance of the deposition, would otherwise been entitled to a protective order." *See, Redwood v. Dobson,* 476 F.3d 462, 468-70 (7th Cir. 2007) (imposing sanctions where counsel was entitled to seek a protective order but did not and instead instructed witness not to answer; an "instruction[] not to respond that neither shielded a privilege nor supplied time to apply for a protective order [was] unprofessional and violated the Federal Rules of Civil Procedure as well as the ethical rules that govern legal practice").

A review of the record[2] reveals that defense counsel had no basis for instructing Hilliard not to answer questions regarding the police responses to his home. At no point in this litigation have Defendants moved for, nor has the Court ever entered, a protective order prohibiting Plaintiff from so inquiring. Plaintiff's questions did not embarrass, harass or annoy Hilliard (other than the fact that he may not have preferred not to answer). While defense counsel

---

[2] Plaintiff has ordered the deposition transcript of Defendant Richard Hilliard and will supplement this memorandum with the relevant portions of the transcript. Due to the seriousness of defense counsel's actions, and the fact that the issues discussed herein will affect the scheduled depositions of the remaining Defendants within the forthcoming weeks, Plaintiff opted to bring this motion before the Court sooner than later.

asserted that the information sought was subject to a privilege, he failed to identify a legitimate legal privilege that applied to the circumstances.

Defense counsel also instructed Hilliard not to answer because the anticipated testimony was "irrelevant." Under the Federal Rules of Civil Procedure, however, purported "irrelevance" is not a valid reason for instructing a witness not to answer. *See, Redwood,* 476 F.3d at 468-70; *In re Stratosphere Corp. Sec. Lit.,* 182 F.R.D. 614, 619 (D. Nev. 1998) ("The irrelevancy of a question is not grounds to instruct a witness not to answer the question"); *Int'l Union of Elec., Radio and Mach. Workers, AFL-CIO v. Westinghouse Elec.,* 91 F.R.D. 277, 280 (D.D.C. 1981) ("objections based merely on an assertion of irrelevance, such as that in the instant case, will not be exempted from the provisions of [Rule 30(c)]"). On this basis alone, Hilliard should be compelled – at Defendants' expense – to reappear and fully respond to Plaintiff's original questions and any proper follow-up questions. *See, Medline Indus. V. Lizzo,* No. 08-C-5867, 2009 WL 3242299, at *4 (N.D. Ill. Oct. 6, 2009) (compelling witness to appear for second deposition after he was instructed not to answer on relevance grounds); *In re Caremark,* No. 94-C-4751, 1997 WL 428548, at *4-5 (N.D. Ill. July 24, 1997) (granting motion to compel relevant testimony because instruction not to answer did not protect a privilege or enforce a court order).

### B. Defendants' Confidentiality Concerns Are Unfounded

Defendants' expressed concern regarding the confidentiality of police responses to Hilliard's home is misplaced and easily dealt with. This Court has entered an agreed protective order that ensures any sensitive information can only be seen by the parties' outside counsel (and selected others) such that there is no real risk of harm. *See* Protective Order (Dkt. 74). *See also, Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.,* 206 F.R.D. 518, 521 (S.D. Fla. 2002) (compelling deposition testimony relating to why loss-prevention manager left plaintiff's employ because

"the confidential nature of [his] reason for leaving . . . can be protected by the confidentiality order in this case"); *Cohlia v. Ardent Health Svc.,* No. 05-CV-384, 2008 WL 4925764, at *4 (N.D. Okla. Nov. 14, 2008) (compelling deposition testimony relating to information covered by peer review privilege because there was an agreed protective order preserving confidentiality of discovery related to peer-reviews).

In this case, the governing Protective Order establishes that "deposition testimony is protected by this Order if designated as 'CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER' on the record at the time the testimony is taken. Such designation shall be specific as to the portions that contain Confidential Information." Thus, to alleviate any concerns about the confidentiality of Hilliard's testimony could have been addressed during the deposition had defense counsel simply stated on the record that any testimony related to the police response to the Hilliard's home is subject to the protective order. Defense counsel chose not to even after Plaintiff suggested the sealing of the testimony.

## CONCLUSION

Counsel for the Defendants inappropriately instructed Defendant Richard Hilliard to refuse to answer questions relating to incidents where Bolingbrook police officers responded to his residence to deal with issues involving a family member. The information sought is relevant and otherwise well within the boundaries of discovery. None of Plaintiff's questions implicated a privilege, violated an existing court order, or served to harass or embarrass Hilliard or the co-Defendants. Plaintiff's motion to compel deposition testimony regarding the police responses to Hilliard's residence and the Defendants' treatment of Hilliard in response to those incidents administratively should be granted and Defendants should be required to pay for Plaintiff's attorney fees and costs in bringing this motion and redeposing Hilliard.

WHEREFORE, Plaintiff, WILLIE McRAY respectfully requests this Honorable Court enter an order granting Plaintiff's motion to compel deposition testimony regarding the police responses to Hilliard's residence and the Defendants' treatment of Hilliard in response to those incidents administratively, and payment for Plaintiff's attorney fees and costs in bringing this motion and redeposing Hilliard, as well as any other relief this Court deems appropriate.

Respectfully submitted,

/s/ Laura L. Scarry
One of Plaintiff's Attorneys

Laura L Scarry
Debra A. Harvey
James L. DeAno
DeANO & SCARRY, LLC
53 W. Jackson Blvd.
Suite 1610
Chicago, IL 60604
Tel: (630) 690-2800